HANEY *v.* MISSOURI PACIFIC RAILROAD COMPANY,
THOMPSON, TRUSTEE.

4-8743                                      217 S. W. 2d 610

Opinion delivered February 21, 1949.

*A. A. Robinson* and *S. L. Richardson,* for appellant.

*Henry Donham* and *W. J. Smith,* for appellee.

ROBINS, J.   Appellant Haney attempted to drive his truck over the track of appellee Railroad Company at a public crossing about two miles northeast of Walnut Ridge.   He was accompanied by appellant Gregory.   The truck, struck by a locomotive in charge of appellee Plott, as engineer, and appellee J. B. Davis, Jr., as fireman, was demolished, and both appellants were injured.

This suit by appellant Haney for damages for bodily injuries and property loss, in the sum of $6,000 and

$1,530.80, respectively, and by appellant Gregory for damages for bodily injuries, in the sum of $1,500, was instituted in the lower court against appellees. Appellants alleged that the collision was caused by the negligence of appellees in failing to give the statutory signals as the locomotive approached the crossing, and in failing to maintain the look-out required by law.

The answer was a general denial and a plea of contributory negligence.

At the conclusion of all the testimony the lower court granted appellees' motion for a peremptory instruction. From judgment entered on the verdict this appeal is prosecuted.

The collision occurred about 7:45 o'clock in the morning of January 27, 1947, at a crossing where an improved public highway crossed the railroad right-of-way. At this point the track was straight for some distance each way, running from northeast to southwest. The highway ran in the same direction, parallel to the track, but on a fill some lower, and it crossed the track at an angle of about 45 degrees. The day was clear and the sun had risen. The locomotive was pulling a passenger train of fifteen cars, and was traveling in a southwesterly direction at the rate of seventy miles an hour.

Appellants were traveling in a large Chevrolet truck which appellant Haney was using as a "rolling store." He was going in the same direction as the train, and as he made the turn to cross the track his truck was in second gear and its speed was from twelve to fifteen miles an hour.

The negligence on the part of appellees for which appellants asserted their right to recover was the failure on the part of the engineer and fireman to give the statutory signals and also their failure to keep the look-out required by law and to take steps to slow down the train, so as to give appellant the few seconds required for the truck to clear the crossing.

The statute (§ 73-716, Ark. Stat. 1947), requires that when a train approaches a public highway crossing

those operating the locomotive must begin *either* blowing the whistle *or* ringing the bell at a point eighty rods from the crossing and continue *one* of such signals until the crossing be passed. Without re-stating the testimony as to the sounding of the whistle, it may be said that there was some substantial testimony that this signal was not properly given.

The engineer testified that the bell on the locomotive was being operated mechanically and had been ringing thus since the train left Corning, more than twenty-five miles to the northeast. The fireman also stated that the bell was ringing as the train approached the crossing.

On cross-examination appellant Haney, after testifying that the whistle was not sounded until immediately before the collision, said: "I wouldn't swear that the bell was not ringing or that it was. . . ." While this statement was somewhat neutralized by a later statement, on redirect examination, that his conclusion was that he would have heard the bell if it had been ringing, he no where testified unequivocally that the bell was not ringing; nor did he retract his statement that he was not willing to testify that the bell was not ringing.

Appellant Gregory testified: "If the bell was ringing I didn't hear it. I would not swear it was not ringing, nor I would not swear the whistle was not blowing."

The only other witness testifying on behalf of appellants, Mrs. Glady Reeves, who lived near the crossing, said: "Q. Did you hear any bell on the train? A. No bell at all, that I can remember . . . I possibly would have heard the bell if it had been ringing . . . I just don't believe the bell was ringing, but I would not be willing to swear definitely that it was not."

We do not have here the situation shown in some of our cases, where we have held that a jury question as to giving of signals for crossings was made, even though witnesses did not positively testify that signals for the crossing were not given, but stated they did not hear them. In those cases the undisputed testimony as to the

676

situation of the witnesses showed conclusively that their failure to hear the signal resulted, not from inattention or from other noise, but from failure of the operators of the locomotive to give any proper signal. Here we have a case in which every witness who could have known about the matter testified either that the bell was ringing or that he was unwilling to swear that it was not ringing. Therefore we cannot say that there was testimony of a substantial character from which the jury could have found that the bell was not ringing as the locomotive approached the crossing.

The engineer testified that he was keeping the lookout required by law (Ark. Stats. 1947, § 73-1002) and saw the truck as it approached the crossing, but assumed that it was going to stop before it went on the crossing. He further testified that when he realized that the truck was proceeding to cross the track he applied his emergency brake in an unsuccessful effort to slow down the train and avoid the collision. There is nothing in the engineer's testimony, or in the testimony of other witnesses, or in the physical situation shown, that would have justified the jury in refusing to credit his statement, or in finding that those in charge of the locomotive failed to keep a proper look-out, or to act deligently to prevent injury to appellants after their dangerous situation was discovered.

When the testimony in this case is given its strongest probative force in favor of appellants, as must be done where, as here, we are considering the correctness of the lower court's action in directing a verdict against the appellants, it cannot be said there was adduced in the trial below substantial evidence to show that appellees were guilty of any negligence which was the proximate cause of the collision. Therefore, it became the duty of the trial court to withdraw the case from the jury and to direct the verdict in favor of appellees. *Glidewell, Admr.*, v. *Arkhola Sand & Gravel Co.*, 212 Ark. 838, 208 S. W. 2d 4.

Accordingly, the judgment of the lower court is affirmed.

Mr. Justice George Rose Smith concurs in the result, believing that on the question of comparative negligence this case is controlled by *Mo. Pac. Co.* v. *Davis*, 197 Ark. 830, 125 S. W. 2d 785.